# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

**19 - 0 0 2 1 8 5**

Jane Doe

Case Number: _____

vs

Date: _____

Washington Metropolitan Area Transit Authority

☐ One of the defendants is being sued in their official capacity.

| | |
|---|---|
| Name: *(Please Print)*  Matthew P. Tsun | Relationship to Lawsuit |
| Firm Name:   Simeone & Miller, LLP | ☒ Attorney for Plaintiff |
| | ☐ Self (Pro Se) |
| Telephone No.:   Six digit Unified Bar No.:  202-628-3050            1018952 | ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury       ☒ 6 Person Jury       ☐ 12 Person Jury

Demand: $ $20,000,000                                    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____      Judge: _____      Calendar #:_____

Case No.:_____      Judge: _____      Calendar#:_____

---

NATURE OF SUIT:      *(Check One Box Only)*

**A. CONTRACTS**                          **COLLECTION CASES**

☐ 01 Breach of Contract            ☐ 14 Under $25,000 Pltf. Grants Consent   ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty           ☐ 17 OVER $25,000 Pltf. Grants Consent    ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument        ☐ 27 Insurance/Subrogation                ☐ 26 Insurance/Subrogation
☐ 07 Personal Property                  Over $25,000 Pltf. Grants Consent        Over $25,000 Consent Denied
☐ 13 Employment Discrimination   ☐ 07 Insurance/Subrogation                ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees             Under $25,000 Pltf. Grants Consent       Under $25,000 Consent Denied
                                   ☐ 28 Motion to Confirm Arbitration
                                       Award (Collection Cases Only)

---

**B. PROPERTY TORTS**

☐ 01 Automobile                   ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion                   ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

---

**C. PERSONAL TORTS**

☐ 01 Abuse of Process             ☐ 10 Invasion of Privacy              ☒ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection      ☐ 11 Libel and Slander                    Not Malpractice)
☐ 03 Assault and Battery          ☐ 12 Malicious Interference           ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury  ☐ 13 Malicious Prosecution            ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)   ☐ 14 Malpractice Legal                ☐ 20 Friendly Suit
☐ 06 False Accusation             ☐ 15 Malpractice Medical (Including Wrongful Death)   ☐ 21 Asbestos
☐ 07 False Arrest                 ☒ 16 Negligence- (Not Automobile,     ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                            Not Malpractice)                  ☐ 23 Tobacco
                                                                        ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE          IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability

- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

Attorney's Signature

4/4/19

Date

CV-496/ June 2015

**THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**

Civil Division

JANE DOE
~~Blogeorgeot~~,
1130 Connecticut Avenue NW Plaintiff,
Suite 350
Washington, DC 20036
v.

**FILED**
CIVIL ACTIONS BRANCH

APR 0 4 2019

Superior Court
of the District of Columbia
Washington, DC.

19 - 0 0 2 1 3 5

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY
600 5th Street, NW
Washington, DC 20001

Case No.:
Calendar No.:
Judge:

**SERVE:**
Susan Serrian
600 5th Street, NW
Washington, DC 20001

Defendant.

## COMPLAINT

**COMES NOW** Plaintiff Jane Doe, by and through the undersigned counsel, and

makes this Complaint against Defendant Washington Metropolitan Area Transit

Authority. In support thereof, Plaintiff states as follows:

### Parties

1.    Plaintiff is an individual who is proceeding anonymously in this matter.

2.    Defendant Washington Metropolitan Area Transit Authority ("WMATA") is an

entity formed by compact that provides mass transportation service throughout the

District of Columbia and the State of Maryland.

### Jurisdiction

3.    This Court has subject matter jurisdiction over this action pursuant to § 11-921 of

the D.C. Code in that this action was filed in the District of Columbia and no

federal court has exclusive jurisdiction over this matter.

4.     This Court has personal jurisdiction over Defendant pursuant to § 13-422 of the

D.C. Code in that Defendant is domiciled in, is organized under the laws of,

and/or maintains its principal place of business in the District of Columbia.

### Factual Background

5.     On or about April 12, 2016, Plaintiff was a passenger aboard a Red Line train that

was owned and/or operated by Defendant WMATA at or near the Glenmont

Metro station located at 12502 Georgia Ave, Glenmont, MD 20906.

6.     On that same date, John Prentice Hicks was also a passenger aboard the same

train as Plaintiff at or near the Glenmont Metro station.

7.     At approximately 10:00 a.m. on or about April 12, 2016, John Prentice Hicks

forced Plaintiff behind a darkened and secluded partition in one of the train cars

and sexually abused her including attempting to enter Plaintiff's vagina with his

penis and forcing her to perform oral sex on him at knife point.

8.     During the course of his attack on Plaintiff, John Prentice Hicks cut Plaintiff's

finger and/or hand with a knife.

9.     Approximately one week prior to the sexual abuse, John Prentice Hicks had

exposed himself to other WMATA patrons and masturbated on another Red Line

train that was owned and/or operated by Defendant.

10.    The prior incident was captured by an eyewitness on video and reported to

Defendant.

11.    Prior to the sexual abuse that is the focus of this lawsuit, Defendant had identified

John Prentice Hicks as the person who exposed himself and masturbated on one

of its trains.

12.   However, Defendant failed to take appropriate steps to either apprehend John
      Prentice Hicks prior to the incident, prevent him from using the WMATA system,
      or warn passengers of John Prentice Hicks' potential presence and the danger to
      them.

13.   Defendant knew or reasonably should have known that given John Prentice Hicks'
      prior sexual acts on its train he represented a danger to its passengers and either
      could not control or refused to control his sexual urges.

14.   Therefore, Defendant had or should have had an increased awareness of the
      danger that John Prentice Hicks would or could commit additional crimes that
      were sexual in nature like the incident that is focus of this lawsuit.

15.   Defendant further knew or should have known that the darkened partitions on its
      trains behind which John Prentice Hicks assaulted Plaintiff, allowed for potential
      assailants such as John Prentice Hicks to shield their behavior from view.

16.   Defendant also knew or should have known that the darkened and secluded
      partitioned area in the train created an environment in which crimes can more
      easily be committed.

17.   Therefore, the incident that is the focus of this lawsuit was or should have been
      reasonably foreseeable to Defendant WMATA.

18.   The injuries described in this Complaint were due to the violations of law and
      negligence of Defendant.  Defendant's violations of law and negligence include,
      but are not limited to, failing to take proper steps to ensure the safety of
      passengers on its trains; failing to take proper steps to properly warn passengers of
      John Prentice Hicks; failing to inform the employees including, but not limited to,
      attendants and personnel on the trains and at the train stations of the dangers of

John Prentice Hicks; failing to properly attempt to apprehend John Prentice Hicks following his masturbation and exposure of himself on a WMATA train; failing to take steps to prevent John Prentice Hicks from entering the WMATA system following his masturbation and exposure; failing to adequately recognize a dangerous hazard/dangerous hazards on its trains; failing to adequately remedy a known dangerous hazard/dangerous hazards on its trains; using a darkened partition which allowed for a secluded area for potential assaults; failing to maintain safe trains by failing to replace or remove the darkened and secluded partitioned areas of its trains; failing to make reasonable efforts to protect Plaintiff against sexual abuse while she was a passenger on Defendant's train; failing to ensure the peaceful completion of Plaintiff's journey; and failing to exercise ordinary and reasonable care under the circumstances. In violation of these duties, Defendant's acts and/or omissions were a cause of the aforementioned sexual abuse and injuries to Plaintiff.

19.  As a direct and proximate result of the collision, Plaintiff suffered bodily injuries that have caused, and will continue to cause, physical and mental pain and suffering for the rest of her life. Plaintiff has incurred, and will continue to incur, medical, therapeutic, and related expenses, including lost wages.

20.  Plaintiff has complied with all conditions precedent to the filing of this Complaint.

## Count I: Negligence of Defendant WMATA

21.  Plaintiff restates and realleges each and every allegation set forth above as if fully set forth herein.

22. At all times mentioned herein, Defendant had the duty to act in a reasonably safe manner, which included taking proper steps to ensure the safety of passengers on its trains; taking proper steps to properly warn passengers of John Prentice Hicks; informing its employees including, but not limited to, attendants and personnel on the trains and at the train stations of the dangers of John Prentice Hicks; properly attempting to apprehend John Prentice Hicks following his masturbation and exposure of himself on a WMATA train; taking steps to prevent John Prentice Hicks from entering the WMATA system following his masturbation and exposure; adequately recognizing a dangerous hazard/dangerous hazards on its trains; adequately remedying a known dangerous hazard/dangerous hazards on its trains; not using a darkened partition which allowed for a secluded area for potential assaults; maintaining safe trains by replacing or removing the darkened and secluded partitioned areas of its trains; making reasonable efforts to protect Plaintiff against sexual abuse while she was a passenger on Defendant's train; ensuring the peaceful completion of Plaintiff's journey; and exercising ordinary and reasonable care under the circumstances.

23. In violation of its duties, Defendant's acts or omissions were a cause of the aforementioned sexual abuse and injuries to Plaintiff.

24. As a proximate result of Defendant's negligence, Plaintiff suffered injuries and damages as set forth above.

25. Given John Prentice Hicks' previous known activities on Defendant WMATA's transportation system, it was reasonably foreseeable that he would attack Plaintiff.

26. The above injuries were caused solely and proximately by Defendant's negligence, without any contributory negligence on the part of Plaintiff.

## Count II: Punitive Damages

27.   Plaintiff restates and realleges each and every allegation set forth above as if fully
      set forth herein.

28.   At all material times, Defendant WMATA acted with a willful disregard for the
      rights of Plaintiff by not adequately reacting to John Prentice Hicks' masturbation
      and exposure of himself in a timely manner, by not taking adequate steps to
      protect other passengers like Plaintiff from the dangers that John Prentice Hicks
      presented, and by choosing to include the darkened and secluded partitioned area
      on its trains which created a dangerous environment for people like John Prentice
      Hicks to commit crimes.

29.   At all material times, Defendant WMATA's conduct with regard to its insufficient
      responses to John Prentice Hicks' masturbation and exposure of himself and its
      choice to include the darkened and secluded partitioned areas on its trains as
      alleged previously in this Complaint was outrageous and reckless towards
      Plaintiff's safety.

30.   At all material times, Defendant WMATA's officers, directors, or managing
      agents participated in the acts and omissions alleged in this Complaint, authorized
      the acts or omissions alleged in this Complaint, or approved the acts or omissions
      alleged in this Complaint before or after they were done.

31.   Defendant WMATA's actions as alleged need to be prevented going forward and
      other common carriers need to be warned of the dangers of this type of conduct.

32.   Therefore, Defendant WMATA's conduct as alleged in this Complaint justifies an
      award of punitive damages to Plaintiff.

                              *      *      *

                                  6

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendant in an amount to be determined at trial, but believed to be no more than ten million dollars ($10,000,000.00) in compensatory damages, ten million dollars ($10,000,000.00) in punitive damages, plus costs of suit, pre- and post-judgment interest, and such other and further relief as this Court deems just and proper.

Dated: April 3, 2019

RESPECTFULLY SUBMITTED,

Matthew P. Tsun, #1018952
Craig D. Miller, #459784
Michael C. Robinett, #503231
SIMEONE & MILLER, LLP
1130 Connecticut Ave, NW
Suite 350
Washington, DC 20036
(202) 628-3050
Fax: (202) 466-1833
mtsun@simeonemiller.com
cmiller@simeonemiller.com
mrobinett@simeonemiller.com
*Counsel for Plaintiff*

\*        \*        \*

## Jury Demand

Plaintiff, by and through the undersigned counsel and pursuant to Rule 38 of the

District of Columbia Rules of Civil Procedure, hereby demands trial by jury of all issues

in this matter.

Dated: April 3, 2019

RESPECTFULLY SUBMITTED,

Matthew P. Tsun, #1018952
Craig D. Miller, #459784
Michael C. Robinett, #503231
SIMEONE & MILLER, LLP
1130 Connecticut Ave, NW
Suite 350
Washington, DC 20036
(202) 628-3050
Fax: (202) 466-1833
mtsun@simeonemiller.com
cmiller@simeonemiller.com
mrobinett@simeonemiller.com
*Counsel for Plaintiff*

4/17/19 2:23 process server.



**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Jane Doe
_____
Plaintiff

19 - 002 1 0 5

vs.                                          Case Number _____

Washington Metropolitan Area Transit Authority
_____ Serve: Susan Serrian, 600 5th Street, NW, Washington, D.C. 20001 _____
Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Matthew P. Tsun
_____
Name of Plaintiff's Attorney                                *Clerk of the Court*

1130 Connecticut Ave., NW, Suite 350                    By _____
Address                                                           Deputy Clerk
__Washington, DC 20036__

(202) 628-3050                                            Date         APR 0 4 2019
Telephone
如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction   Để có một bản dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                CASUM.doc





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

Jane Doe
_____
Demandante

contra

Washington Metropolitan Area Transit Authority
Serve: Susan Serrian, 600 5th Street, NW, Washington, D.C. 20001
_____
Demandado

19 - 002135

Número de Caso: _____

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Matthew P. Tsun
_____
Nombre del abogado del Demandante

1130 Connecticut Ave NW, Suite 350
_____
Dirección
Washington, DC 20036

(202) 628-3050
_____
Teléfono

*SECRETARIO DEL TRIBUNAL*

Por: _____
Subsecretario

Fecha _____

如果翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-682-2700) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

JANE DOE
Vs.                                                    C.A. No.      2019 CA 002185 B
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge JOSE M LOPEZ
Date:   April 4, 2019
Initial Conference: 9:30 am, Friday, July 12, 2019
Location:   Courtroom 212
                500 Indiana Avenue N.W.
                WASHINGTON, DC  20001

CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   E.   Morin

**THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
Civil Division

JANE DOE

              Plaintiff,

v.

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY

              Defendant.

> **FILED**
> CIVIL ACTIONS BRANCH
>
> APR 0 4 2019
>
> Superior Court
> of the District of Columbia
> Washington, DC

Case No.:
Calendar No.:   19 - 0 0 2 1 8 5
Judge:

## PLAINTIFFS' MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Plaintiff, Jane Doe, by and through her undersigned counsel, respectfully requests that this Court grant her leave to proceed under pseudonym. Plaintiff requests this leave to prevent the disclosure of her identity, which would cause irreparable harm. The factual and legal support for this Motion is set forth herein.

### FACTS

This action arises out of an incident of sexual abuse and rape that occurred on or about April 12, 2016 on a Red Line train that was owned and/or operated by Defendant Washington Metropolitan Area Transit Authority ("WMATA"). On that morning, Plaintiff was a passenger on a Red line train at or near the Glenmont metro station located at 12502 Georgia Ave., Glenmont, MD 20906. On that same day, John Prentice Hicks was also a passenger aboard the same Red line train as Plaintiff at or near the Glenmont metro station. At approximately 10:00am on or about April 12, 2016, John Prentice Hicks forced Plaintiff behind a darkened and secluded partition in one of the train cars and sexually abused Plaintiff including attempting to enter Plaintiff's vagina and forcing her to perform oral sex on him at knife point.

Approximately one week prior to this sexual abuse, John Prentice Hicks had exposed himself to other WMATA patrons and masturbated on another Red line train that was owned and/or operated by Defendant. The incident was videotaped by a witness and reported to Defendant WMATA. Defendant WMATA had identified John Prentice Hicks as the perpetrator of this exposure and masturbation event prior to the sexual abuse alleged in this case, but failed to take appropriate steps to either apprehend John Prentice Hicks prior to this incident, prevent him from using the WMATA system, warn passengers of John Prentice Hicks' potential presence and the danger to them, or maintain a safe environment for passengers.

As can be expected, Plaintiff does not want her identity revealed as she does not want the public to know that she was involved in this incident. Going through this horrific event has damaged her mentally and physically and she does not want to relive this event over and over by having her role in this incident made public. Plaintiff also fears reprisals should her identity be revealed publicly.

By this Motion, Plaintiff seeks to prevent their identity from being publicly disclosed in this case, as the allegations are of a highly personal and sensitive nature. Moreover, Plaintiff and her witnesses face a real threat of retaliation from the public should their identity be made public in this lawsuit due to victim blaming.

## ARGUMENT

The District of Columbia Superior Court Rules of Civil Procedure require that the title of the complaint "include the names of all the parties" and further states that "[e]very action shall be prosecuted in the name of the real party in interest." Super. Ct. Civ. R. 10(a); 17(a). The District of Columbia has seldom had occasion to interpret these rules in the context of a request by a party to proceed under a pseudonym. However, federal courts have frequently addressed the

2

issue when interpreting the virtually identical federal counterparts to these rules. Where, as here, the Superior Court Rules and their federal counterparts are virtually identical, District of Columbia courts may consider federal precedent as persuasive in interpreting District of Columbia rules. *See e.g., Walker v. District of Columbia*, 656 A.2d. 722, 725 (D.C. 1995).

## I.  Plaintiff's Request to Proceed Anonymously Complies with the Balancing Test Set Out By The U.S. District Court for the District of Columbia

Although the Supreme Court has never formally acknowledged the permissibility of using a pseudonym, federal trial and appellate courts have allowed parties to proceed anonymously under circumstances such as those presented here. *See Doe v. Megless*, 654 F.3d 404,408 (3d. Cir. 2011). Determining whether to allow a plaintiff to file under a pseudonym is within the sound discretion of the trial court. *United States v. Microsoft Corp*, 56 F.3d 1448, 1464 (D.C. Cir. 1995); *see also James v. Jacobsen*, 6 F.3d 233, 238 (4th Cir. 1993). In considering a request to allow a plaintiff to proceed pseudonymously, courts balance the public interest in access to trials with the legitimate interests of the party making the request. *See National Association of Waterfront Employers v. Chao*, 587 F. Supp. 2d 90, 98 (D.D.C. 2008). The United States District Court for the District of Columbia has employed a five-factor balancing test that considers:

> (1) Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

3

*Id.* at 99. A party may proceed anonymously where, as here, the majority of the factors militate in that party's favor. See *Id.* Here, four of these five factors weigh strongly in favor of this Court granting Plaintiff's request for leave to proceed under a pseudonym.

### A. Plaintiff Is Seeking to Preserve Privacy in a Matter of a Sensitive and Highly Personal Nature.

Plaintiff's request to proceed anonymously is strictly driven by her desire to preserve her privacy in this highly sensitive and personal matter. This case involves a violent and extremely humiliating non-consensual sexual encounter between Plaintiff and John Prentice Hicks. The Complaint includes graphic descriptions of the various sex acts Plaintiff was forced to perform on Mr. Hicks. Commentators have recognized that involuntarily disclosing the identity of victims of such acts results in real psychological harm to victims far more severe than "mere embarrassment." *See* Paul Marcus & Tara L McMahon, Limiting Disclosure of Rape Victims' Identities, 64 S. Cal. L. Rev. 1020, 1049 (1991). Further, many courts have held that the victim's privacy interest in matters relating to sexual health and reproduction warrant permitting the victim to proceed under a pseudonym. *See, e.g., Doe v. Bodwin*, 326 N.W. 2d 476 (Mich. Ct. App. 1982) (finding the trial court erred by denying plaintiffs request to proceed anonymously in case involving sexual impropriety of defendant); *E.E.O.C.. v. ABM Indus., Inc.*, 249 F.R.D. 588, 593-94 (E.D. Cal. 2008) (permitting plaintiff to proceed under pseudonym in sexual harassment case).

Plaintiff is not making this request to simply avoid the annoyance and criticism that comes with the litigation process. This is much deeper and more personal than that. The allegations in this case are of a highly sensitive and personal nature, and so the first factor of the *Chao* test clearly weighs in favor of allowing Plaintiff to proceed anonymously.

4

### B. Identifying Plaintiff in this Lawsuit Poses a Risk of Retaliatory Physical and/or Mental Harm to Plaintiff and Innocent Non-Parties.

This case poses a real risk of emotional harm to Plaintiff and innocent non-parties including their family should Plaintiff be identified in this case. It is likely based on the allegations contained in their Complaint that this case will lead to media publicity as Mr. Hick's conviction has already garnered media coverage and Defendant WMATA has made public statements about this incident. Identifying Plaintiff would allow the media and others to contact Plaintiff and her family to discuss the case and would increase the chances that Plaintiff would have to relive this incident unnecessarily. This would only cause Plaintiff more mental harm and anguish as this incident has obviously caused her a lot of distress and embarrassment and has changed her life forever. Plaintiff has chosen not to share this incident with her family due to its embarrassing and humiliating nature, and so if Plaintiff is forced to reveal her identity, it is likely that Plaintiff's family will learn of the incident and will be harmed as well. Learning that their loved one has gone through such a horrendous experience would cause a great deal of harm to Plaintiff's family. She has chosen to protect them from this, and so forcing Plaintiff to identify herself would be an unduly prejudicial invasion of Plaintiff's privacy and would almost certainly lead to unnecessary mental anguish and harm to Plaintiff.

Identifying Plaintiff also poses a real risk of retaliation towards Plaintiff and Plaintiff's family by Mr. Hicks' family and friends or by other groups who believe in victim blaming. Mr. Hicks was given a lengthy jail sentence for his actions and so it is conceivable that his family and friends would harbor anger towards Plaintiff and her family for taking away their friend and family member. There are also people who believe that victims are to blame for incidents like this and so they may take offense to the fact that a victim is seeking justice for the wrongs committed against her.

5

For these reasons, the second *Chao* factor weighs heavily in favor of allowing Plaintiff to proceed anonymously.

### C.  All Parties to this Action are Non-Government Entities.

This action involves a private citizen and Defendant WMATA which is a non-governmental organization.  Therefore, the fourth *Chao* factor also weighs in favor of Plaintiff proceeding under a pseudonym.

### D.  There is No Risk of Prejudice or Unfairness to Defendant WMATA.

Allowing Plaintiff to proceed anonymously will not be unfair to or prejudice Defendant WMATA.  First, Defendant WMATA already knows Plaintiff's identity as there was a criminal trial and police officers employed by Defendant WMATA were involved in the matter. Moreover, once the requested relief is granted, Plaintiff will file as Exhibit A (Filed under Seal) an affidavit that sets forth her identity. The sealed Affidavit will be served, along with this Motion and the Complaint, on the Defendant.  In addition, Plaintiff will not object to engaging in any discovery otherwise permitted by the District of Columbia rules as long as the parties are able to agree to a protective order that protects Plaintiff's identity from public disclosure. Conducting this case in this manner results in no risk of unfairness to the Defendant.  *See Plaintiff B. v. Francis*, 631 F3d 1310, 1315 (11th Cir. 2011) (citing *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005)).

Whether Plaintiff's identity is public is of no consequence to Defendant WMATA and will have no impact on its ability to litigate this case.  As such, the fifth *Chao* factor also weighs in favor of allowing Plaintiff to proceed anonymously.

### CONCLUSION

This case falls squarely within the class of cases in which courts have permitted plaintiffs to proceed anonymously. The highly sensitive and embarrassing nature of the factual allegations paired with the real risk of physical or mental harm to Plaintiff and their family weigh strongly in favor of allowing Plaintiff to proceed under a pseudonym. Moreover, because Plaintiff is willing to disclose their identity in a sealed affidavit and to cooperate with Defendant's reasonable discovery requests, there is no real risk of unfairness to the Defendant. Accordingly, Plaintiff respectfully requests that this Court grant this Motion.

Respectfully submitted,

Matthew P. Tsun, #1018952
Craig D. Miller, #459784
Michael C. Robinett, #503231
SIMEONE & MILLER, LLP
1130 Connecticut Ave, NW
Suite 350
Washington, DC 20036
(202) 628-3050
Fax: (202) 466-1833
mtsun@simeonemiller.com
cmiller@simeonemiller.com
mrobinett@simeonemiller.com
*Counsel for Plaintiff*

## RULE 12-I CERTIFICATION

As this Motion is being made ex parte prior to serving of the summons and complaint, there are no parties to consult for consent.

Matthew P. Tsun

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing will be served contemporaneously with the summons and complaint upon the following:

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY
600 5th Street, NW
Washington, DC 20001

> **SERVE:**
> Susan Serrian
> 600 5th Street, NW
> Washington, DC 20001

Matthew P. Tsun

8

## RULE 12-I CERTIFICATION

As this Motion is being made ex parte prior to serving of the summons and complaint, there are no parties to consult for consent.

Matthew P. Tsun

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing will be served contemporaneously with the summons and complaint upon the following:

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY
600 5th Street, NW
Washington, DC 20001

**SERVE:**
Susan Serrian
600 5th Street, NW
Washington, DC 20001

Matthew P. Tsun

3

**THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
Civil Division

JANE DOE

                Plaintiff,

v.

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY

                Defendant.

Case No.:
Calendar No.:
Judge:

## AFFIDAVIT OF MATTHEW P. TSUN

Comes now Matthew P. Tsun, attorney at SIMEONE & MILLER, LLP and affiant herein, and states as follows:

1.    Affiant makes this affidavit based upon his personal knowledge and information.

2.    Affiant is an adult over 18 years of age who maintains a business address at 1130 Connecticut Ave., NW, Suite 350, Washington, DC 20036.

3.    Affiant affirms that the legal name of the individual identified as Jane Doe in the Complaint to this matter is ████████████.

Dated: April 3, 2019

                        RESPECTFULLY SUBMITTED,

                        Matthew P. Tsun

SUBSCRIBED AND SWORN TO before me this 3rd day of April 2019.

                        Notary Public

**THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
Civil Division

JANE DOE

        Plaintiff,

v.

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY

        Defendant.

Case No.:
Calendar No.:
Judge:

FILED
CIVIL ACTIONS BRANCH

APR 0 4 2019

Superior Court
of the District of Columbia
Washington, DC.

**19 - 0 0 2 1 8 5**

## ORDER

Upon consideration of Plaintiff's Motion for Leave to Proceed under Pseudonym, it is hereby this 4th day of April, 2019,

ORDERED, that Plaintiff's Motion for Leave to Proceed under Pseudonym is hereby GRANTED; and

IT IS FURTHER ORDERED that Plaintiff may proceed in this matter under the pseudonyms "JANE DOE" in all pleadings and other documents; and it is further

ORDERED, that Plaintiff shall serve a copy of this Order on the Defendant contemporaneously with the Summons and Complaint.

_____
Judge, Superior Court of the District of Columbia

1

Copy by mail to:

Matthew P. Tsun, #1018952
Craig D. Miller, #459784
Michael C. Robinett, #503231
Simeone & Miller, LLP
1130 Connecticut Ave, NW
Suite 350
Washington, DC 20036
*Counsel for Plaintiff*

AND

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY
600 5th Street, NW
Washington, DC 20001

    **SERVE:**
    Susan Serrian
    600 5th Street, NW
    Washington, DC 20001